UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TRIDENT SOCIETY, INC., a California corporation; et al.,

Plaintiffs,

v.

ILLINOIS NATIONAL INSURANCE COMPANY, an Illinois corporation

Defendants.

Case No.:  19cv1608 DMS (BLM)

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This case comes before the Court on Defendant's motion to dismiss.  Plaintiffs filed an opposition to the motion, and Defendant filed a reply.  For the reasons discussed below, the motion is denied.

## I.

## BACKGROUND

Defendant Illinois National Insurance Company issued two employment practices insurance policies to Plaintiffs corporate parent Service Corporation International, numbered 01-357-02-54 (effective May 1, 2016, to May 1, 2017) and 01-415-77-80 (effective May 1, 2017, to May 1, 2018).  (First Am. Compl. ("FAC") ¶14.)  The present motion involves the "Notice and Reporting" Clause in the 2016-2017 Policy, and two

1

modifications to the Clause through Endorsements 3 and 17 to the Policy.  The notice requirements of the Policy are set out in Clause 6(a).  Pursuant to Endorsement 3 to the Policy, Clause 6(a) "is deleted in its entirety and replaced by the following:"

> [6](a) *Reporting a Claim or Crisis*
>
> > (1) The **Organization** or the **Insureds** shall, as a condition precedent to the obligations of the Insurer under this policy, give written notice to the **Insurer** of a **Claim** or a **Crisis** as soon as practicable after the **Claim** or **Crisis** is reported to or first becomes known by the **Named Entity's** Human Resources Department or Office of General Counsel …; or
> >
> > (2) Notwithstanding the foregoing, all **Claims …** shall be reported no later than:
> >
> > > (i) anytime during the **Policy Period** or during the **Discovery Period** (if applicable); or
> > >
> > > (ii) within 45 days after the end of the **Policy Period** or the **Discovery Period** (if applicable), as long as such **Claim** was made during the **Policy Period**.

(FAC, Ex. 2, ECF No. 1-3 at 36.)  Clause 6(a) is further modified by Endorsement 17, entitled "**Reporting a Claim or Crises Amended (Prejudice Threshold),**" which provides that "Clause 6(a), *Reporting a Claim or Crises* is amended by adding the following paragraph to the end thereof: "**Notwithstanding the foregoing, a failure to provide notice as soon as practicable shall not preclude coverage under the policy unless the Insurer has been prejudiced by such failure.**" (*Id.* at 55.)

Plaintiffs allege that on November 8, 2016, Felicia Horton filed a Complaint for Damages against them asserting claims for discrimination and sexual harassment.  (FAC ¶9.)  Specifically, Ms. Horton alleged that Guy Allen, who was then an employee of Neptune Management, "had engaged in various acts of sexual harassment and discrimination towards her." (*Id.* ¶10.)  Ms. Horton filed a Second Amended Complaint adding SCI Direct as a defendant in that case on November 1, 2017.  (*Id.* ¶13.)

Plaintiffs allege that Defendant received notice of the *Horton* Litigation by at least

February 5, 2018.  (*Id.* ¶20.)  They further allege that on April 13, 2018, Defendant, through its claims administrator AIG Claims, Inc., denied coverage for the *Horton* Litigation on the ground that Plaintiffs had not complied with the claim reporting requirements.  (*Id.* ¶23.)  As a result of that denial, Plaintiffs "have been forced to incur or pay over $1.6 million dollars ($1,600,000) of Defense Costs out of their own pockets without reimbursement from Defendant Illinois National."  (*Id.* ¶24.)  They were also forced to pay a judgment in the case in the amount of $2,290,729.44.  (*Id.* ¶26.)

As a result of these events, Plaintiffs filed the present case alleging claims for breach of contract - failure to advance defense costs, breach of contract - failure to indemnify, and bad faith.  It appears the parties attempted to resolve the case through mediation, but those attempts were unsuccessful.  Plaintiffs thereafter filed a First Amended Complaint, and Defendant filed the present motion to dismiss.

## II.

## DISCUSSION

Defendant moves to dismiss the FAC in its entirety.  It argues Plaintiffs are not entitled to coverage because they failed to comply with the claim reporting requirement, therefore their breach of contract claims fail.  In the absence of a breach of contract claim, Defendant argues the bad faith claim must also be dismissed.  Defendant also asserts the bad faith claim is subject to dismissal pursuant to the genuine dispute doctrine.

### A.    Legal Standard

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court established a more stringent standard of review for 12(b)(6) motions.  To survive a motion to dismiss under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

## B.   Breach of Contract

Defendant's motion to dismiss Plaintiffs' breach of contract claims raises an issue of contract interpretation.  "'Resolution of contractual claims on a motion to dismiss is proper if the terms of the contract are unambiguous.'" *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F.Supp.2d 1034, 1040 (C.D. Cal. 2008) (quoting *Bedrosian v. Tenet Healthcare Corp.*, 208 F.3d 220 (9th Cir. 2000)).  "A contract provision will be considered ambiguous when it is capable of two or more reasonable interpretations." *Id.* (citing *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 867 (1993)). "Language in a contract must be interpreted as a whole and in the circumstances of the case." *Id.* (citing *Bank of W. v. Superior Court*, 2 Cal. 4th 1254, 1265 (1992)).  "Where the language 'leaves doubt as to the parties' intent,' *Consul Ltd. v. Solide Enters., Inc.*, 802 F.2d 1143, 1149 (9th Cir. 1986), the motion to dismiss must be denied." *Id.*

Here, Defendant argues the "as soon as practicable" reporting requirement and the 45-day reporting requirement are "two distinct conditions precedent to coverage." (Reply at 7.)  Under this interpretation of the Policy, Defendant suggests it could deny a claim that was filed within forty-five days of the end of the Policy Period but not "as soon as practicable" after the Claim was reported. (*See* Mot. at 14.)  According to Defendant, only the denial of a claim for failure to report the claim "as soon as practicable," triggers the "Prejudice Threshold" Endorsement; and denying a claim due to the Insured's failure to report a claim within forty-five days of the end of the Policy Period, which is what happened in this case, does not allow the Insured to invoke the "Prejudice Threshold"

Endorsement.  Plaintiffs disagree with this interpretation of the Policy, arguing that the "Prejudice Threshold" Endorsement applies to both the "as soon as practicable" reporting requirement and the 45-day reporting requirement.

The Court agrees with Plaintiffs' interpretation of the claim reporting requirements of the Policy.  The Policy uses the conjunction "or" to connect Clause 6(a)(1), which contains the "as soon as practicable" reporting requirement, and Clause 6(a)(2), which contains the 45-day reporting requirement.  (FAC, Ex. 2, ECF No. 1-3 at 36.)  The use of "or" indicates that the Insured can comply with the Policy's reporting requirements by *either* reporting a claim "as soon as practicable" *or* within forty-five days of the end of the Policy Period, not that the Insured must do both.  This interpretation is bolstered by the language of Clause 6(a)(2), which states, "*Notwithstanding the foregoing*, all Claims … shall be reported no later than" forty-five days after the end of the Policy Period.  (*Id.*) (emphasis added).

Nevertheless, Defendant argues that because the Prejudice Threshold Endorsement includes "as soon as practicable" language, it applies only to that reporting requirement. But the Prejudice Threshold Endorsement expressly comes at "the end" of Clause 6(a), not Clause 6(a)(1), which is where the "as soon as practicable" reporting requirement is found. This placement, and the Endorsement's explicit statement that "Notwithstanding the foregoing" provisions of Clause 6(a), make clear the Endorsement applies to the entirety of the claim reporting clause, not just the "as soon as practicable" requirement of Clause 6(a)(1).

In light of this interpretation, Plaintiffs argue that the effect of the Prejudice Threshold Endorsement on their claim reporting requirements under the Policy is:

> if the Insureds fail to report a claim as soon as practicable after it becomes known by the Insureds' Human Resources Department or Office of General Counsel – or if the Insureds otherwise fail to report the Claim prior to 45 days after the end of the Policy Period or the Discovery Period – then the Policies shall not provide coverage for such Claim **UNLESS** Illinois National has not been prejudiced by such failure to provide timely notice.

5

(*See* Opp'n at 13).  The Court is inclined to agree.  At a minimum, the parties' arguments reflect an ambiguity in Clause 6(a) and the Prejudice Threshold Endorsement, which warrants denial of Defendant's motion to dismiss Plaintiffs' breach of contract claims.

## C.   Bad Faith

Turning to Plaintiffs' bad faith claim, Defendant argues it should be dismissed because Plaintiffs have failed to plead a valid breach of contract claim, Plaintiffs have failed to set forth sufficient facts to support a bad faith claim, and there is a genuine dispute as to coverage.  In light of the discussion above, the Court rejects Defendant's first argument.  The Court also rejects the other two arguments, as explained below.

First, contrary to Defendant's argument, the FAC clearly sets out sufficient facts to support Plaintiffs' claim.  (*See* FAC ¶¶20-24, 35.)  Plaintiffs allege, among other things, that Defendant wrongfully denied Plaintiffs' claims, failed to adopt and implement reasonable standards for investigating and handling Plaintiffs' claim, and grossly misrepresented the provisions of and coverage provided by the Policy.  (*See id.* ¶35.)

Second, a motion to dismiss is not the proper vehicle in which to raise the genuine dispute doctrine.  *See Cherewick v. State Farm Fire & Cas.*, No. 320CV00693BENMSB, 2020 WL 3971515, at *8 (S.D. Cal. July 14, 2020) (declining to address genuine dispute doctrine on motion to dismiss).  This is particularly so when, as here, an action involves not only a duty to indemnify but also a duty to defend.  *Mt. Hawley Ins. Co. v. Lopez,* 215 Cal. App. 4th 1385, 1424 (2013) (stating "[i]t is doubtful that the so-called 'genuine dispute doctrine' apples in third party duty to defend cases like this one.")  Rather, the genuine dispute doctrine is more appropriately addressed on summary judgment.  *See City of Fresno v. Tokio Marine Specialty Ins. Co.*, No. 118CV00504LJOSAB, 2018 WL 3691407, at *4 (E.D. Cal. Aug. 1, 2018) (stating genuine dispute doctrine applies to summary judgment motions); *Ovitz v. Chartis Prop. Cas. Co.*, No. CV153916PSGPLAX, 2015 WL 12746209, at *3 (C.D. Cal. Sept. 14, 2015) (noting the genuine dispute doctrine "is generally applied at summary judgment.").  Accordingly, the genuine dispute doctrine does not warrant dismissal of Plaintiffs' bad faith claim.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### CONCLUSION AND ORDER

For the reasons set out above, Defendant's motion to dismiss is denied.

**IT IS SO ORDERED**.

Dated:  November 9, 2020

_____

Hon. Dana M. Sabraw
United States District Judge